Samuel A. Spiegel, J.
This is a proceeding instituted by the petitioner, for a review by this court of the failure and refusal of the respondent Commissioner of Social Services of the State of New York to direct the New York City Department of Social Services to issue to petitioner a clothing replacement grant in the amount of $805.
The following facts were developed at a fair hearing which was held in New York City on April 24,1968.
*766 The petitioner, with her four minor children, has been in receipt of public assistance in New York City since 1958. In September, 1967, petitioner moved to Chicago and took with her all of her possessions. A short time thereafter her furniture was placed in a storage warehouse in Chicago. Petitioner returned to New York City without her furniture, and again received public assistance in New York City.
It is alleged that on July 1, 1968, the landlord of the apartment in which the petitioner then resided broke down the door to petitioner’s apartment and threatened her with bodily harm. The petitioner fled the apartment, but returned later that evening. Contending that she was acting upon legal advice, petitioner abandoned what furniture, household supplies and clothing she had in that apartment and went to live with friends. She later moved to a hotel.
In October, 1968, the petitioner found an apartment and was given a special grant of $200 as a partial allowance for establishment of a household.
On November 26, 1968, a special grant of $495 was issued to the petitioner as balance of the grant for establishment of a household. The petitioner used a portion of these special grants to buy clothing, household supplies and furniture. The balance was sent to the furniture warehouse company in Chicago to pay storage charges which had accumulated to that time.
The petitioner made no attempt to recover the furniture which she had abandoned in her New York City apartment, nor did she commence any action against the “ threatening ” landlord to recover the value of her furniture and other possessions, nor did she seek aid or protection of the police.
Petitioner now contends that she has the right to a special clothing grant which became fixed on July 1, 1968, when she, acting upon the advice of counsel and her caseworker, abandoned her apartment and virtually all of her possessions, including her family’s clothing supply.
The regulations governing the administration of public assistance for the City of New York provide, in effect, that a special allowance to meet the cost of partial or total outfitting of an individual shall be granted when clothing has been stolen, or lost in a fire, or other disaster.
Respondent, in denying petitioner a grant to replace her family’s clothing, has found that under the circumstances involved herein, the voluntary abandonment of her possessions was not a 16 disaster ” within the meaning of the regulation which would entitle petitioner and her family to a special clothing replacement grant.
*767 This court is in complete agreement with the determination of the respondent.
Eeplacement should not be made for voluntarily abandoned property at will. It is doubtful if she would have so casually abandoned her property if she knew she had to pay for it from her own funds or had bought it with her own funds. Petitioner’s time to complain was on July 1,1968. Her abandonment of her belongings at that time was a wanton disregard and waste of public funds, particularly since many alternate remedies were available to her which she chose to ignore.
A review of the history of petitioner set forth in the early paragraphs hereof will reveal that petitioner and her family have been accorded every consideration by the Department of Social Services.
Accordingly, by no stretch of the imagination, can her misconduct be determined to be a “ disaster ’ ’ falling within the regulations which would entitle her to still more money.
In the circumstances herein, the decision of the respondent was neither arbitrary nor capricious and, accordingly, the petition is dismissed.